**ROGERS, Collector of Internal Revenue, v. STRONG. ***

**STRONG v. ROGERS, Collector of Internal Revenue.**

Nos. 5425, 5432.

Circuit Court of Appeals, Third Circuit.

Aug. 1, 1934.

*Writ of certiorari denied 55 S. Ct. 217, 79 L. Ed. ——.

Hobart & Minard, of Newark, N. J. (Montgomery B. Angell, of New York City, George S. Hobart, of Newark, N. J., Charles J. Nourse, of New York City, and Weston Vernon, Jr., of Washington, D. C., of counsel), for Strong.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and M. H. Eustace, Sp. Assts. to the Atty. Gen., Harlan Besson, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J., for Collector of Internal Revenue.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the plaintiff brought suit against the collector to recover back income tax illegally, as alleged, collected from her. By stipulation filed, a jury was waived and the case tried by a judge. He held that the item in dispute was income, and on that issue entered the judgment in favor of the collector, from which the plaintiff took appeal No. 5432. He also held that in assessing such income item the commissioner had valued the stocks in question in excess of their fair value, and for such excess he entered judgment in plaintiff's favor. Thereupon the collector took appeal No. 5425. The two appeals were heard by this court together, and both are disposed of in this opinion.

The facts and figures in the case are numerous and complicated. The findings of fact by the court are ninety-seven in number and cover thirty-five pages of the record, but, out of the mass of testimony and maze of facts and figures, we gather that two comparatively simple questions are decisive of the case. The first one concerns the taxpayer's appeal, and that is whether, in the light of the facts found by the trial judge, the plaintiff can, on the income she received, avail herself of the exception provided by section 112 of the Revenue Act of 1928 (26 USCA § 2112), viz.: "The term 'reorganization' means a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation). * * * "

The second question, which concerns the government's appeal, is whether there was evidence from which the trial judge might find the value of the stock involved was what he found.

Turning to the first question, the situation shown was of such an individual character that in the nature of things it never could be duplicated in another tax case, and any ruling thereon would create no precedent nor decide any principle of law. As the judge has found the voluminous facts and decided they do not fall within the statute above quoted, and as we agree with his conclusion, we find no call to restate those facts in a lengthy opinion, but restrict ourselves to brief reference thereto.

In the final analysis, the taxpayer's appeal turns on the construction and application of the statutory provision, "the acquisition by one corporation of at least the majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation."

Now the pertinent facts were that two insurance companies, the Continental and the Fidelity-Phenix, made a working contract with each other. There was no merger, consolidation, or absorption of each other's stock. Their arrangement contemplated the acquisition of the stock of two other insurance companies, the Niagara and the Fidelity & Casualty Companies, by purchase from individual stockholders. By appropriate, simultaneous, corporate action, Continental and Fidelity-Phenix passed resolutions increasing their capital stock to enable them to make such acquisition. Neither the Niagara, the Fidelity & Casualty, nor their stockholders had any part in the plan or action of the other two companies. Subsequently the plaintiff transferred her stock to the two companies and received in payment therefor stocks of the two purchasing companies. Now, while this stock

acquisition was effected by the joint action of Continental and Fidelity-Phenix, it is clear that what they did was not aptly described by the words of the statute. If Continental had bought a majority of the stock of Niagara, or Fidelity-Phenix had bought a majority of the stock of Fidelity & Casualty, it might be forcibly contended that each of these separate transactions would have brought the case within the statute. But, making the hoped-for acquisition of Niagara and Fidelity & Casualty, a joint transaction, it is clear that both companies could not acquire majorities of Niagara and Fidelity & Casualty. The success of this plan was wholly dependent on the action of individual shareholders of Niagara and Fidelity & Casualty. Such being the case, the trial court committed no error in so far as the plaintiff's appeal is concerned. She simply exchanged her stock for other stock.

It remains to consider the government's appeal from the court's fixation of the value of the stock acquired by taxpayer. In that respect the government contended the Stock Exchange sales made at that time fixed the value. The stock was acquired at the peak of the stock inflation. The court, while duly considering such stock exchange sales as an element in determining value, held it was not conclusive, and, over objection, received and gave weight to convincing proof of the fair real value of the stock. Supported as it is by this court in Heiner v. Crosby, 24 F.(2d) 191, the court had testimony before it which justified its action. We therefore dismiss the government's appeal in No. 5425 and Lavinia Strong's appeal in 5432, and in all respects the judgment of the court below is affirmed.